Justin T. Quinn, Esq.
**ROBINSON MILLER LLC**
Ironside Newark
110 Edison Place, Suite 302
Newark, New Jersey 07102
Tel: (973) 690-5400
email: jquinn@rwmlegal.com

*Attorney for Plaintiff Nexus Pharmaceuticals, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NEXUS PHARMACEUTICALS, INC.<br><br>Plaintiff,<br><br>v.<br><br>SOMERSET THERAPEUTICS, LLC and SOMERSET PHARMA, LLC<br><br>Defendants. | Civil Action No. 3:23-cv-1248-ZNQ-RLS |

# NEXUS'S FIRST AMENDED COMPLAINT

Nexus Pharmaceuticals, Inc. ("Nexus"), by its undersigned attorneys, for its first amended complaint against Defendants Somerset Therapeutics, LLC and Somerset Pharma, LLC (collectively, "Somerset" or "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, and for a declaratory judgement of patent infringement under 28 U.S.C. §§ 2201 and 2202, that arises out of Defendants' submission of Abbreviated New Drug Application ("ANDA") No. 218113 to the U.S. Food and Drug Administration ("FDA") seeking approval to manufacture and sell a generic version of

EMERPHED® (ephedrine sulfate) 50mg/10mL (5mg/mL) IV prior to the expiration of U.S. Patent Nos. 11,478,436 ("the '436 patent') and 11,426,369 ("the '369 patent"), attached hereto.

## PARTIES

2. Nexus is a corporation organized and existing under the laws of the State of Illinois, having its principle place of business at 400 Knightsbridge Parkway, Lincolnshire, Illinois.

3. Nexus is the holder of New Drug Application No. 213407 for EMERPHED® (ephedrine sulfate) 50mg/10mL (5mg/mL) IV solution.

4. Nexus is the owner and assignee of the '436 and '369 patents.

5. Upon information and belief, Somerset Therapeutics, LLC is a limited liability corporation organized under the laws of the State of Delaware, having a principle place of business at 6100 Hollywood Blvd., Hollywood, Florida.

6. Upon information and belief, Somerset Pharma, LLC is a limited liability corporation organized under the laws of the State of Delaware, having a principle place of business at 300 Franklin Square Drive, Somerset, New Jersey.

7. Upon information and belief, Somerset Therapeutics, LLC is a privately owned pharmaceutical company that sources and markets generic injectable and ophthalmic drugs.

8. Upon information and belief, Somerset Pharma, LLC is a "privately owned pharmaceutical company that sources and markets generic injectable and ophthalmic drugs."[1]

9. Upon information and belief, Defendants derive substantial revenue from the marketing, manufacture, and/or sale of generic pharmaceutical products in the United States and New Jersey.

---

[1] About Us, https://somersetpharma.com/about/history/ (last visited February 16, 2023).

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

11. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b), at least because, upon information and belief, Defendants submitted their ANDA from their Somerset, New Jersey place of business and therefore Defendants have committed acts of infringement and have a regular and established place of business in New Jersey for the purposes of venue.

12. Based on the facts and causes alleged herein, including infringement under 35 U.S.C. § 271(e)(2) by Somerset's ANDA and for additional reasons to be further developed through discovery if necessary, this Court has personal jurisdiction over Somerset.

13. On information and belief, Somerset Pharma, LLC has its principal places of business in the State of New Jersey, Defendants both have registered to do business in the State of New Jersey, and Defendants have appointed a registered agent in New Jersey to accept service of process. Defendants have thus consented to personal jurisdiction in New Jersey.

14. On information and belief, Defendants are related entities with common ownership.

15. On information and belief, Somerset Therapeutics, LLC, with the aid of Somerset Pharma, LLC, has filed an ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the generic product described in ANDA No. 218113 in the United States, including in New Jersey.

16. On information and belief, actions related to the submission of Somerset's ANDA occurred in the State of New Jersey, and if Defendants receive approval for ANDA No. 218113, Defendants will market, distribute, offer for sale, and/or sell the generic product described in ANDA No. 218113 in the United States, including in New Jersey, and will derive substantial

revenue from the use or consumption of the generic product described in ANDA No. 218113 in the State of New Jersey. *See Acorda Therapeutics Inc. v. Mylan Pharm. Inc.*, 817 F.3d 755, 763 (Fed. Cir. 2016).

17. On information and belief, if ANDA No. 218113 is approved, the generic product described in ANDA No. 218113 would, among other things, be manufactured, marketed, distributed, offered for sale, and/or sold in New Jersey, prescribed by physicians practicing in New Jersey, dispensed by pharmacies located within New Jersey, and/or used by patients in New Jersey, all of which would have a substantial effect on New Jersey.

## BACKGROUND

18. EMERPHED® is sold and marketed under New Drug Application No. 213407, which was approved by the FDA on April 21, 2020.

19. EMERPHED® is the first and only FDA-approved ready to use ephedrine injection and is supplied as a single-use 10mL vial containing 50mg ephedrine sulfate.

20. Ephedrine, the active ingredient in EMERPHED®, is an alpha- and beta-adrenergic agonist and a norepinephrine-releasing agent. EMERPHED® is indicated for the treatment of clinically important hypotension occurring in the setting of anesthesia.

21. EMERPHED® is a commercial embodiment of the ’436 and ’369 patents.

22. The ’436 patent, entitled “Compositions Comprising Ephedrine or an Ephedrine Salt and Methods of Making and Using Same” was duly and legally issued on October 25, 2022.

23. The ’436 patent has been listed in connection with EMERPHED® in the FDA’s publication Approved Drug Products with Therapeutic Equivalence Evaluations, also known as the “Orange Book.”

24. As indicated in the Orange Book, the patent expiration date for the ’436 patent is May 16, 2040.

25. The ’369 patent, entitled “Compositions Comprising Ephedrine or an Ephedrine Salt and Methods of Making and Using Same” was duly and legally issued on August 30, 2022.

26. The ’369 patent expires on May 16, 2040.

27. Upon information and belief, both Defendants were responsible for preparing ANDA No. 218113.

28. By letters dated January 19, 2023 and March 14, 2023 (collectively, “the Notice Letter”), Somerset notified Nexus pursuant to the Federal Food, Drug, and Cosmetic Act (“FDCA”) that Somerset had submitted to the FDA ANDA No. 218113, seeking approval from the FDA to engage in the commercial manufacture, use and/or sale of a generic Ephedrine Sulfate Injection USP, 50mg/10mL (5 mg/mL) single dose vials (“Somerset’s ANDA Product”) prior to the expiration of the ’436 patent, among others.

29. Upon information and belief, Defendants submitted ANDA No. 218113 to the FDA with Somerset Therapeutics, LLC as the named applicant, which contained a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug, and Cosmetic Act (“Paragraph IV Certification”) asserting that the ’436 patent will not be infringed by the manufacture, use, offer for sale, sale, or importation of Somerset’s ANDA Product, or alternatively, that the patent is invalid.

30. Upon information and belief, Somerset’s ANDA Product is a drug product that is a generic version of EMERPHED®, (ephedrine sulfate) 50mg/10ml (5 mg/mL) IV solution, as its reference listed drug, containing the same or equivalent ingredients in the same or equivalent amounts.

31. In the Notice Letter, Somerset disclosed that the active ingredient of Somerset's ANDA product is ephedrine sulfate.

32. Upon information and belief, Somerset's ANDA product is a ready to use pre-mixed composition to be stored at the same or equivalent conditions as EMERPHED®.

33. Upon information and belief, Somerset's ANDA product contains ephedrine sulfate, sodium chloride, and water in the same or equivalent amounts as EMERPHED®. Upon information and belief, Somerset's ANDA product does not contain a preservative.

34. Upon information and belief, Somerset's ANDA product will feature the same or equivalent chemical properties as EMERPHED®.

35. Upon information and belief, Somerset's ANDA product will be manufactured using the same or equivalent methods as EMERPHED®.

36. Upon information and belief, Somerset's ANDA product will use an equivalent container to EMERPHED®.

37. Upon information and belief, Somerset's ANDA product will be sterilized in an equivalent method to EMERPHED®.

38. Upon information and belief, Somerset's ANDA product is to be stored at the same or equivalent conditions as EMERPHED®.

39. Upon information and belief, Somerset's ANDA Product seeks approval for the indication of treatment of clinically important hypotension occurring in the setting of anesthesia.

40. Upon information and belief, the proposed labeling for Somerset's ANDA product recommends, instructs, and/or promotes administration of Somerset's ANDA product to patients having hypotension or an elevated risk of developing hypotension.

41. Upon information and belief, the proposed labeling for Somerset's ANDA product recommends, instructs, and/or promotes administration to patients by drawing the composition into a syringe and injecting the composition into a patient using the syringe without dilution.

42. Any Final approval of Somerset's ANDA shall be effective no earlier than July 19, 2025. *See* 21 U.S.C. § 355(c)(3)(C).

**COUNT I – INFRINGEMENT OF**
**U.S. PATENT NO. 11,478,436 UNDER 35 U.S.C. § 271(e)(2)**

43. Nexus repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

44. Defendants' submission of ANDA No. 218113 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Somerset's ANDA Product prior to the expiration of the '436 patent was an act of infringement of the '436 patent under 35 U.S.C. § 271(e)(2)(A).

45. Upon information and belief, Defendants will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Somerset's ANDA Product with its proposed labeling upon FDA approval of ANDA No. 218113.

46. Upon information and belief, the use of Somerset's ANDA Product in accordance with and as directed by Somerset's proposed labeling for that product would infringe one or more claims of the '436 patent, either literally or under the doctrine of equivalents.

47. Upon information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Somerset's ANDA Product would induce or contribute to infringement of one or more claims of the '436 patent, either literally or under the doctrine of equivalents.

48. Upon information and belief, Defendants plan, intend to, and will actively induce infringement of the ’436 patent when ANDA No. 218113 is approved, and plan, intend to, and will do so after approval.

49. Upon information and belief, Defendants know that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing one or more claims of the ’436 patent, either literally or under the doctrine of equivalents, and that their ANDA Product and its proposed labeling are not suitable for substantial non-infringing use.

50. Upon information and belief, Defendants plan, intend to, and will contribute to infringement of the ’436 patent after approval of ANDA No. 218113.

51. The foregoing actions by Defendants constitute and/or will constitute infringement of the ’436 patent, active inducement of infringement of the ’436 patent, and contribution to the infringement by others of the ’436 patent.

52. Upon information and belief, Defendants have acted with full knowledge of the ’436 patent and without a reasonable basis for believing that it would not be liable for infringing the ’436 patent, actively inducing infringement of the ’436 patent, and contributing to the infringement by others of the ’436 patent.

53. This case is “exceptional,” and Nexus is entitled to an award of reasonable attorneys’ fees under 35 U.S.C. § 285.

54. Unless Defendants are enjoined from infringing the ’436 patent, actively inducing infringement of the ’436 patent, and contributing to the infringement by others of the ’436 patent, Nexus will suffer irreparable injury. Nexus has no adequate remedy at law.

**COUNT II – INFRINGEMENT OF**
**U.S. PATENT NO. 11,426,369 UNDER 35 U.S.C. § 271(e)(2)**

55. Nexus repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

56. Defendants' submission of ANDA No. 218113 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Somerset's ANDA Product prior to the expiration of the '369 patent was an act of infringement of the '369 patent under 35 U.S.C. § 271(e)(2)(A).

57. Upon information and belief, Defendants will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Somerset's ANDA Product with its proposed labeling upon FDA approval of ANDA No. 218113.

58. Upon information and belief, the use of Somerset's ANDA Product in accordance with and as directed by Somerset's proposed labeling for that product would infringe one or more claims of the '369 patent, either literally or under the doctrine of equivalents.

59. Upon information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Somerset's ANDA Product would induce or contribute to infringement of one or more claims of the '369 patent, either literally or under the doctrine of equivalents.

60. Upon information and belief, Defendants plan, intend to, and will actively induce infringement of the '369 patent when ANDA No. 218113 is approved, and plan, intend to, and will do so after approval.

61. Upon information and belief, Defendants know that their ANDA Product and its proposed labeling are especially made or adapted for use in infringing one or more claims of the

’369 patent, either literally or under the doctrine of equivalents, and that its ANDA Product and its proposed labeling are not suitable for substantial non-infringing use.

62. Upon information and belief, Defendants plan, intend to, and will contribute to infringement of the ’369 patent after approval of ANDA No. 218113.

63. The foregoing actions by Defendants constitute and/or will constitute infringement of the ’369 patent, active inducement of infringement of the ’369 patent, and contribution to the infringement by others of the ’369 patent.

64. Upon information and belief, Defendants have acted with full knowledge of the ’369 patent and without a reasonable basis for believing that it would not be liable for infringing the ’369 patent, actively inducing infringement of the ’369 patent, and contributing to the infringement by others of the ’369 patent.

65. This case is “exceptional,” and Nexus is entitled to an award of reasonable attorneys’ fees under 35 U.S.C. § 285.

66. Unless Defendants are enjoined from infringing the ’369 patent, actively inducing infringement of the ’369 patent, and contributing to the infringement by others of the ’369 patent, Nexus will suffer irreparable injury. Nexus has no adequate remedy at law.

**REQUEST FOR RELIEF**

WHEREFORE, Nexus requests the following relief:

a. A judgment, pursuant to 35 U.S.C. § 271(e)(2)(A), that Defendants have infringed the ’436 and ’369 patents by submitting to the FDA ANDA No. 218113 with a paragraph IV certification for the purpose of obtaining approval for the commercial manufacture, use, and/or sale of Somerset’s ANDA Product before the expiration of the ’436 and ’369 patents;

b. A judgment, pursuant to 35 U.S.C. § 271(a), (b), and/or (c), declaring that the commercial manufacture, use, offering to sell, or sale within the United States, and/or importation into the United States of Somerset's ANDA Product before the expiration of the '436 and '369 patents (including any regulatory extension), will infringe, actively induce infringement of, and/or contribute to the infringement by others of the '436 and '369 patents;

c. An order, pursuant to 35 U.S.C. § 271(e)(4)(A), § 281, and § 283, that the effective date of any final approval of ANDA No. 218113 shall be no earlier than the date on which the '436 and '369 patents expire, inclusive of any extension or additional period of exclusivity;

d. A judgment that the '436 and '369 patents are valid and enforceable;

e. An order pursuant to, *inter alia*, 35 U.S.C. § 271(e)(4)(A) that the effective date of any FDA approval for Defendants to make, use, offer for sale, sell, market, distribute, or import Somerset's ANDA Product, or any product or compound the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the '436 patent and/or the '369 patent, be no earlier than the expiration date of the '436 and '369 patents, inclusive of any extension(s) or additional period(s) of exclusivity;

f. An order for preliminary and permanent injunction pursuant to, *inter alia*, 35 U.S.C. § 271(e)(4)(B) and 35 U.S.C. § 283 enjoining Defendants and their respective officers, agents, servants, employees and attorneys, and all persons acting in concert with them, from making, using, selling, offering for sale, marketing, distributing, or importing Somerset's ANDA Product, or any product the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the '436 patent and/or the '369 patent, or the inducement of or the contribution to any of the foregoing, prior to the expiration of the '436 and '369 patents, inclusive of any extension or additional period of exclusivity;

g. An award, pursuant to 35 U.S.C. § 271(e)(4)(C) and § 284, of damages or other monetary relief to compensate Nexus if Somerset engages in the manufacture, use, offer for sale, sale, marketing, distribution, or importation of Somerset's ANDA Product, or any product the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the '436 patent and/or the '369 patent, or the inducement of or the contribution to any of the foregoing, prior to the expiration date of the '436 and '369 patents, inclusive of any extension(s) and additional period(s) of exclusivity, in accordance with 35 U.S.C. § 271(e)(4)(C);

h. A judgment pursuant to 35 U.S.C. § 271(e)(4)(C) and § 284 declaring that Defendants' infringement of the '436 and '369 patents is willful and awarding Nexus enhanced damages if Defendants commercially manufacture, use, offer to sell, or sell within the United States, and/or import into the United States any product that is the subject of Somerset's ANDA, prior to the expiration of the '436 and '369 patents (including any regulatory extension);

i. A judgment pursuant to 35 U.S.C. § 285 that this case against Defendants is an exceptional case and an award of attorneys' fees and costs; and

j. Such further and other relief as this Court may deem just and proper.

Dated: April 14, 2023

*/s/ Justin T. Quinn*

Justin T. Quinn
ROBINSON MILLER LLC
Ironside Newark
110 Edison Place, Suite 302
Newark, New Jersey 07102
Tel: (973) 690-5400
email: jquinn@rwmlegal.com

*Attorneys for Plaintiff Nexus Pharmaceuticals, Inc.*

OF COUNSEL:

Imron T. Aly (to be entered *pro hac vice*)
Kevin M. Nelson (to be entered *pro hac vice*)
Chad F. Watson (to be entered *pro hac vice*)
ARENTFOX SCHIFF LLP
233 South Wacker Drive, Suite 7100
Chicago, Illinois 60606
Telephone: (312) 258-5500
Facsimile: (312) 258-5600