Eric I. Abraham
HILL WALLACK LLP
21 Roszel Road, P.O. Box 5226
Princeton, NJ 08543-5226
(609) 734-6358

*Of Counsel:*
Paul A. Ainsworth
Lauren A. Watt
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-2600

*Attorneys for Defendants*
*Somerset Therapeutics, LLC and*
*Somerset Pharma, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NEXUS PHARMACEUTICALS, INC.<br><br>Plaintiff,<br><br>v.<br><br>SOMERSET THERAPEUTICS, LLC and SOMERSET PHARMA, LLC<br><br>Defendants. | Civil Action No. 3:23-cv-01248-ZNQ-RLS |

**DEFENDANTS' ANSWER TO NEXUS'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS**

Defendants Somerset Therapeutics, LLC ("Somerset Therapeutics") and Somerset Pharma, LLC ("Somerset Pharma") (collectively, "Defendants" or "Somerset"), by their undersigned attorneys, hereby answer Nexus's First Amended Complaint (the "First Amended Complaint") for patent infringement in Civil Action No. 3:23-cv-01248-ZNQ-RLS (D.I. 1) brought by Plaintiff

Nexus Pharmaceuticals, Inc. ("Nexus" or "Plaintiff").

With respect to the allegations made in the First Amended Complaint, Somerset responds as follows:

## NATURE OF THE ACTION[1]

1. Somerset admits that this purports to be an action for patent infringement under the patent laws of the United States, Title 35 of the United States Code. Somerset admits that this also purports to be an action for declaratory judgement of patent infringement under 28 U.S.C. §§ 2201 and 2202. Somerset admits that this action purports to relate to Abbreviated New Drug Application ("ANDA") No. 218113 filed by Somerset Therapeutics to the U.S. Food and Drug Administration ("FDA") seeking approval to manufacture and sell a generic version of EMERPHED® (ephedrine sulfate) 50mg/10mL (5mg/mL) prior to the expiration of U.S. Patent Nos. 11,478,436 ("the '436 patent") and 11,426,369 ("the '369 patent"). Somerset admits that copies of the '436 and the '369 patents are attached to the First Amended Complaint. Somerset denies any remaining allegations in paragraph 1 of the First Amended Complaint.

## PARTIES

2. Somerset lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies them.

3. Somerset admits that the FDA Orange Book lists Plaintiff as the holder of New Drug Application ("NDA") No. 213407 for EMERPHED® (ephedrine sulfate) 50mg/10mL (5mg/mL) IV solution. Otherwise, denied.

[1] This Answer reproduces the headings of the First Amended Complaint for convenience only. This reproduction of the headings should not be construed as an admission of any of the allegations in the First Amended Complaint.

4. Somerset admits that assignment records with the United States Patent and Trademark Office list Nexus Pharmaceuticals, Inc. as the assignee of the ’436 patent and the ’369 patent. Otherwise, denied.

5. Admitted.

6. Admitted.

7. Somerset admits that Somerset Therapeutics, LLC is privately owned pharmaceutical company that manufactures and markets generic injectable and ophthalmic drugs. Otherwise denied.

8. Somerset admits that Somerset Pharma, LLC is a privately owned pharmaceutical company that sources and distributes generic injectable and ophthalmic drugs. Otherwise denied.

9. Somerset admits that it derives revenue from the marketing, manufacture, and/or sale of generic pharmaceutical products in the United States, including New Jersey. Otherwise, denied.

## JURISDICTION AND VENUE

10. The allegations in paragraph 10 of the First Amended Complaint constitute conclusions of law to which no answer is required. To the extent an answer is required, Somerset admits that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Otherwise, denied.

11. The allegations in paragraph 11 of the First Amended Complaint constitute conclusions of law to which no answer is required. To the extent an answer is required, Somerset does not contest, for purposes of this action only, that venue is proper in this judicial district. Otherwise, denied.

12. The allegations in paragraph 12 of the First Amended Complaint constitute conclusions of law to which no answer is required. To the extent an answer is required, Somerset does not contest, for purposes of this action only, that the Court has personal jurisdiction over Defendants. Otherwise, denied.

13. The allegations in paragraph 13 of the First Amended Complaint constitute conclusions of law to which no answer is required. To the extent an answer is required, Somerset does not contest, for purposes of this action only, that the Court has personal jurisdiction over Defendants. Otherwise, denied.

14. Somerset admits that Somerset Therapeutics and Somerset Pharma are affiliates that are under common ownership. Otherwise, denied.

15. Somerset admits that Somerset Therapeutics filed ANDA No. 218113 seeking approval to manufacture and sell the generic product described therein. Otherwise, denied.

16. Denied.

17. Denied.

## BACKGROUND

18. Somerset admits that the EMERPHED® product purports to be marketed pursuant to NDA No. 213407. Otherwise, Somerset lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies them.

19. Somerset lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies them.

20. Somerset lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies them.

21. Denied.

22. Somerset admits that the '436 patent bears the title "Compositions Comprising Ephedrine or an Ephedrine Salt and Methods of Making and Using Same," and that it states that the patent issued on October 25, 2022. Otherwise, denied.

23. Admitted.

24. Somerset admits that the '436 patent is listed in the Orange Book as having an expiration of May 16, 2040. Otherwise, denied.

25. Somerset admits that the '369 patent bears the title "Compositions Comprising Ephedrine or an Ephedrine Salt and Methods of Making and Using Same" and that it states that the patent issued on August 30, 2022. Otherwise, denied.

26. Somerset lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore denies them.

27. Denied.

28. Somerset admits that by letter, dated January 19, 2023, Somerset Therapeutics notified Nexus that pursuant to the Federal Food, Drug, and Cosmetic Act ("FDCA") that Somerset Therapeutics had submitted ANDA No. 218113 to the FDA seeking approval to market the drug product described therein prior to expiration of the patents listed in the Orange Book as of that date, which included the '436 patent. Somerset further admits that by letter, dated March 14, 2023, Somerset Therapeutics notified Nexus that pursuant to the FDCA that Somerset Therapeutics had submitted ANDA No. 218113 to the FDA seeking approval to market the drug product described therein prior to expiration of United States Patent No. 11,571,398. Otherwise, denied.

29. Somerset Therapeutics admits that it submitted ANDA No. 218113 containing a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, asserting that each of the Orange Book listed patents, including the '436 patent, would not be infringed by the

manufacture, use, sale, offer for sale, or importation of the ANDA product described therein and/or that the Orange Book listed patents were invalid. Otherwise, denied.

30. Somerset admits that the Somerset ANDA product described in ANDA No. 218113 lists EMERPHED® as the reference listed drug, and that the Somerset ANDA product is bioequivalent thereto. Otherwise, denied.

31. Admitted.

32. Denied.

33. Somerset admits that the Somerset ANDA product described in ANDA No. 218113 lists EMERPHED® as the reference listed drug, and that the Somerset ANDA product is bioequivalent thereto. Otherwise, denied.

34. Somerset admits that the Somerset ANDA product described in ANDA No. 218113 lists EMERPHED® as the reference listed drug, and that the Somerset ANDA product is bioequivalent thereto. Otherwise, denied.

35. Somerset lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore denies them.

36. Somerset admits that the Somerset ANDA product described in ANDA No. 218113 lists EMERPHED® as the reference listed drug, and that the Somerset ANDA product is bioequivalent thereto. Otherwise, denied.

37. Somerset lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore denies them.

38. Somerset admits that the Somerset ANDA product described in ANDA No. 218113 lists EMERPHED® as the reference listed drug, and that the Somerset ANDA product is bioequivalent thereto. Otherwise, denied.

39. Admitted.

40. Denied.

41. Denied.

42. The allegations in paragraph 42 of the First Amended Complaint constitute conclusions of law to which no answer is required. Otherwise, denied.

**COUNT I – INFRINGEMENT OF**
**U.S. PATENT NO. 11,478,436 UNDER 35 U.S.C. § 271(e)(2)**

43. In response to paragraph 43 of the First Amended Complaint, Somerset incorporates by reference paragraphs 1 through 42 of this Answer as if fully set forth herein.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

**COUNT II – INFRINGEMENT OF**
**U.S. PATENT NO. 11,426,369 UNDER 35 U.S.C. § 271(e)(2)**

55. In response to paragraph 55 of the First Amended Complaint, Somerset incorporates by reference paragraphs 1 through 54 of this Answer as if fully set forth herein.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

## REQUEST FOR RELIEF

This section of Plaintiff's First Amended Complaint constitutes Requests for Relief that do not require a response. Somerset denies that Plaintiff is entitled to any judgment or relief against Somerset and, therefore, specifically denies paragraph a through j of the First Amended Complaint's Request for Relief, or any other relief.

## GENERAL DENIAL

Each averment or allegation contained in Plaintiff's First Amended Complaint that is not specifically admitted in this Answer is denied.

## AFFIRMATIVE AND OTHER DEFENSES

Without prejudice to the denials set forth in this Answer, without admitting averments of Plaintiff's First Amended Complaint not otherwise admitted, and without undertaking any of the burdens imposed by law on Plaintiff, Somerset avers and asserts the following defenses to the First Amended Complaint. Somerset expressly reserves the right to amend the defenses listed below and/or allege additional defenses as they become known through the course of discovery.

### FIRST DEFENSE

**(Failure to State a Claim)**

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

**(Non-infringement of U.S. Patent No. 11,478,436)**

Somerset does not, has not, and will not infringe, literally or under the doctrine of equivalents, any valid and enforceable claim of the '436 patent, either directly, indirectly, contributorily, by inducement, or in any other manner.

### THIRD DEFENSE

**(Non-infringement of U.S. Patent No. 11,426,369)**

Somerset does not, has not, and will not infringe, literally or under the doctrine of equivalents, any valid and enforceable claim of the '369 patent, either directly, indirectly, contributorily, by inducement, or in any other manner.

### FOURTH DEFENSE

**(Invalidity of U.S. Patent No. 11,478,436)**

Each claim of the '436 patent is invalid for failing to satisfy one or more of the conditions for patentability set forth in Title 35 of the United States Code §§ 101, *et seq.*, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112, or any judicially created bases for invalidation.

**FIFTH DEFENSE**

**(Invalidity of the U.S. Patent No. 11,426,369)**

Each claim of the ’369 patent is invalid for failing to satisfy one or more of the conditions for patentability set forth in Title 35 of the United States Code §§ 101, *et seq.*, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112, or any judicially created bases for invalidation.

**SEVENTH DEFENSE**

**(No Exceptional Case)**

Somerset’s actions in defending this case do not give rise to an exceptional case under 35 U.S.C. § 285.

**EIGHTH DEFENSE**

**(Estoppel)**

Plaintiff is estopped from asserting infringement by the doctrine of prosecution history estoppel, judicial estoppel, and/or other equitable doctrines.

**RESERVATION OF RIGHTS**

Somerset reserves the right to amend the defenses listed above and/or assert additional defenses as may be warranted by discovery or further factual investigation in this action.

## COUNTERCLAIMS

Defendants and Counterclaim-Plaintiffs Somerset Therapeutics, LLC ("Somerset Therapeutics") and Somerset Pharma, LLC ("Somerset Pharma") (collectively, "Somerset") assert the following counterclaims against Plaintiff and Counterclaim-Defendant Nexus Pharmaceuticals, Inc. ("Nexus").

## NATURE OF THE ACTION

1. These counterclaims include claims for the declaratory judgment that U.S. Patent Nos. 11,478,436 ("the '436 patent"), 11,426,369 ("the '369 patent"), and 11,090,278 ("the '278 patent") are invalid and/or not infringed.

## PARTIES

2. Somerset Therapeutics, LLC is a limited liability corporation organized and existing under the laws of the State of Delaware, having a principle place of business at 6100 Hollywood Blvd., Suite 207, Hollywood, Florida.

3. Somerset Pharma, LLC is a limited liability corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 300 Franklin Square Drive, Somerset, New Jersey.

4. On information and belief, and as alleged in paragraph 2 of the First Amended Complaint, Nexus Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the State of Illinois having a principal place of business at 400 Knightsbridge Parkway, Lincolnshire, Illinois.

## JURISDICTION AND VENUE

5. These counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

6. This Court has subject-matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, 2202, and 21 U.S.C. § 355(j)(5)(C).

7. This Court has personal jurisdiction over Nexus because Nexus consented to jurisdiction by suing Somerset in this District.

8. Venue is legally proper in this District under 28 U.S.C. §§ 1391, 1400(b) and 21 U.S.C. § 355(j)(5)(C)(i)(II), and/or by Nexus's choice of forum.

**BACKGROUND**

9. On information and belief, the '436 and '369 patents are continuations of the '278 patent. A copy of the '278 patent is attached hereto as Exhibit 1.

10. On information and belief, and as alleged in Nexus's Complaint, Nexus owns rights, title, and interest in and to the '436, '369, and '278 patents.

11. The Approved Drug Products with Therapeutic Equivalence Evaluations ("Orange Book") lists Nexus Pharmaceuticals, Inc. as the holder of the New Drug Application ("NDA") No. 213407 for EMERPHED®.

12. On information and belief, Nexus caused the '278 patent to be listed in the Orange Book for NDA No. 213407, on or about August 13, 2021.

13. On information and belief, Nexus caused the '436 patent to be listed in the Orange Book for NDA No. 213407, on or about November 18, 2022.

14. Somerset submitted ANDA No. 218113 under 21 U.S.C. § 355(j) seeking FDA approval for the commercial manufacture, use, sale, offer for sale, or importation of a generic Ephedrine Sulfate Injection USP, 50mg/10mL (5mg/mL) single dose vials ("Somerset's ANDA Product"), prior to expiration of the '278, '436, and '369 patents.

15. Pursuant to 21 U.S.C. 355(j)(2)(A)(vii)(IV), Somerset submitted a certification in ANDA No. 218113 stating that the claims of each patent listed in the Orange Book for NDA No. 218113, including the ’278 patent and the ’436 patent, are invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of Somerset’s ANDA Product.

16. In accordance with 21 U.S.C. § 355(j)(2)(B), Somerset notified Nexus in writing on January 19, 2023 that Somerset’s ANDA was filed with a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that the claims of each patent listed in the Orange Book for NDA No. 218113, including the ’278 patent and the ’436 patent, are invalid, unenforceable, and/or will not be infringed by Somerset’s ANDA Product (“Somerset’s Notice Letter”). In accordance with 21 U.S.C. § 355(j)(2)(B)(iv)(ii), Somerset’s Notice Letter included a detailed statement of the factual and legal basis for the certification that each Orange Book listed patent was invalid, unenforceable, and/or will not be infringed by Somerset’s ANDA Product.

17. On March 3, 2023, Nexus sued Somerset in the District of New Jersey, alleging infringement of the ’436 and ’369 patents, but did not sue Somerset for infringement of the ’278 patent.

## COUNT I
## (Declaratory Judgment of Non-infringement of the ’436 Patent)

18. Somerset incorporates by reference, as though fully set forth herein, Paragraphs 1-17 of the counterclaims.

19. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of Somerset’s ANDA and/or the manufacture, use, sale, offer for sale, and/or importation into the United States of Somerset’s ANDA Products infringes, has infringed, or will infringe any valid and enforceable claim of the ’436 patent either directly or indirectly, and either literally or under the doctrine of equivalents.

20. Somerset did not, does not, and will not infringe, contribute to the infringement of, or induce infringement of any valid and enforceable claim of the ’436 patent either literally or under the doctrine of equivalents. For example, the claims of the ’436 patent are invalid for failure to satisfy one or more provisions of Title 35 of the United States Code and/or judicially created bases for invalidity and unenforceability, including, without limitation, one or more of 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or for double patenting. Because one cannot infringe an invalid claim, the claims of the ’436 patent are not infringed directly, indirectly, literally, or under the doctrine of equivalents.

21. Somerset is entitled to a judicial declaration that it did not, does not, and will not infringe, contribute to the infringement of, or induce the infringement of the ’436 patent either literally or under the doctrine of equivalents, and that the manufacture, use, sale, offer for sale, or importation of the products described in ANDA No. 218113 did not, does not, and will not directly or indirectly infringe any valid and enforceable claims of the ’436 patent, literally or under the doctrine of equivalents.

**COUNT II**
**(Declaratory Judgment of Non-infringement of the ’369 Patent)**

22. Somerset incorporates by reference, as though fully set forth herein, Paragraphs 1-21 of the counterclaims.

23. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of Somerset’s ANDA and/or the manufacture, use, sale, offer for sale, and/or importation into the United States of Somerset’s ANDA Products infringes, has infringed, or will infringe any valid and enforceable claim of the ’369 patent either directly or indirectly, and either literally or under the doctrine of equivalents.

24. Somerset did not, does not, and will not infringe, contribute to the infringement of, or induce infringement of any valid and enforceable claim of the ’369 patent either literally or under the doctrine of equivalents. For example, the claims of the ’369 patent are invalid for failure to satisfy one or more provisions of Title 35 of the United States Code and/or judicially created bases for invalidity and unenforceability, including, without limitation, one or more of 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or for double patenting. Because one cannot infringe an invalid claim, the claims of the ’369 patent are not infringed directly, indirectly, literally, or under the doctrine of equivalents.

25. Somerset is entitled to a judicial declaration that it did not, does not, and will not infringe, contribute to the infringement of, or induce the infringement of the ’369 patent either literally or under the doctrine of equivalents, and that the manufacture, use, sale, offer for sale, or importation of the products described in ANDA No. 218113 did not, does not, and will not directly or indirectly infringe any valid and enforceable claims of the ’369 patent, literally or under the doctrine of equivalents.

**COUNT III**
**(Declaratory Judgment of Non-Infringement of the ’278 Patent)**

26. Somerset incorporates by reference, as though fully set forth herein, Paragraphs 1-25 of the counterclaims.

27. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of Somerset’s ANDA and/or the manufacture, use, sale, offer for sale, and/or importation into the United States of Somerset’s ANDA Products infringes, has infringed, or will infringe any valid and enforceable claim of the ’278 patent either directly or indirectly, and either literally or under the doctrine of equivalents.

28. Somerset did not, does not, and will not infringe, contribute to the infringement of, or induce infringement of any valid and enforceable claim of the ’278 patent either literally or under the doctrine of equivalents. For example, the claims of the ’278 patent are invalid for failure to satisfy one or more provisions of Title 35 of the United States Code and/or judicially created bases for invalidity and unenforceability, including, without limitation, one or more of 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or for double patenting. Because one cannot infringe an invalid claim, the claims of the ’278 patent are not infringed directly, indirectly, literally, or under the doctrine of equivalents.

29. Somerset is entitled to a judicial declaration that it did not, does not, and will not infringe, contribute to the infringement of, or induce the infringement of the ’278 patent either literally or under the doctrine of equivalents, and that the manufacture, use, sale, offer for sale, or importation of the products described in ANDA No. 218113 did not, does not, and will not directly or indirectly infringe any valid and enforceable claims of the ’436 patent, literally or under the doctrine of equivalents.

30. The FDA reports that the first ANDA with a Paragraph IV certification for EMERPHED® was submitted on October 14, 2021. On information and belief, the first ANDA with a Paragraph IV certification was filed by Nephron SC, Inc. (“Nephron”).

31. At the time of the first ANDA Paragraph IV filing, the only Orange Book patent for Nexus’s NDA No. 213407 was the ’278 patent.

32. On information and belief, subsequent to the first ANDA Paragraph IV filing, Nephron was sued by Nexus for alleged infringement of the ’278 patent.

33. The suit against Nephron was dismissed by joint stipulation on January 9, 2023.

34. On information and belief, Nephron is the first filer of a Paragraph IV ANDA against EMERPHED®, and it has not yet marketed a generic ephedrine sulfate drug.

35. On information and belief, the ’278 patent is the basis for a Nephron’s first-to-file exclusivity. Without a judgment of non-infringement or invalidity on the ’278 patent, Somerset will not be able to obtain final approval because of Nephron’s first-to-file exclusivity. *See* 21 U.S.C. § 355(j)(5)(B)(iii)-(v). Thus, even if the Court invalidates the ’436 and ’369 patents or finds that Somerset does not infringe those patents, the ’278 patent will remain a legal barrier to Somerset’s ANDA approval. This potential barrier is a cognizable injury that gives rise to a declaratory judgment action as determined by the Federal Circuit in *Caraco Pharm. Laboratories, Ltd. v. Forest Laboratories, Inc.*, 527 F.3d 1278 (Fed. Cir. 2008).

36. Somerset is entitled to a declaration that the manufacture, use, sale, offer for sale, or importation into the United States of the proposed Ephedrine Sulfate Injection USP, 50 mg/10 mL (5mg/mL) single dose vials, described in ANDA No. 218113, have not infringed, do not infringe, and would not, if marketed, infringe any valid or enforceable claim of the ’278 patent.

**COUNT IV**
**(Declaratory Judgment of Invalidity of the ’436 Patent)**

37. Somerset incorporates by reference, as though fully set forth herein, Paragraphs 1-36 of the counterclaims.

38. Nexus has alleged in this action that Somerset infringed the ’436 patent by filing ANDA No. 218113 and that Somerset’s manufacture, use, sale, or offer for sale in the United States, or importation into the United States, of the proposed drug product described in ANDA No. 218113 would infringe the ’436 patent.

39. The ’436 patent is invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, 112, and/or any other judicially created basis for invalidation.

40. The subject matter claimed in the ’436 patent fails to comply with 35 U.S.C. §§ 102 and/or 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole was either fully anticipated by the prior art or would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

41. The ’436 patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise and exact terms as required by the statutes of the United States to enable any person skilled in the art to practice the invention purported to be covered thereby.

42. The claims of the ’436 patent are invalid and void because they do not inform those skilled in the art about the scope of the invention with reasonable certainty and they do not particularly point out and distinctly claim the subject matter of the alleged invention, as required by 35 U.S.C. § 112.

43. Accordingly, a present, genuine, and justiciable controversy exists between Somerset and Nexus regarding the validity of the claims of the ’436 patent.

44. Somerset is entitled to a declaration by the Court that one or more of the claims of the ’436 patent are invalid.

45. Somerset is entitled to further necessary or proper relief based on the Court’s declaratory judgment or decree.

**COUNT V**
**(Declaratory Judgment of Invalidity of the ’369 Patent)**

46. Somerset incorporates by reference, as though fully set forth herein, Paragraphs 1-45 of the counterclaims.

47. Nexus has alleged in this action that Somerset infringed the ’369 patent by filing ANDA No. 218113 and that Somerset’s manufacture, use, sale, or offer for sale in the United States, or importation into the United States, of the proposed drug product described in ANDA No. 218113 would infringe the ’369 patent.

48. The ’369 patent is invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, 112, and/or any other judicially created basis for invalidation.

49. The subject matter claimed in the ’369 patent fails to comply with 35 U.S.C. §§ 102 and/or 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole was either fully anticipated by the prior art or would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

50. The ’369 patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise and exact terms as required by the statutes of the United States to enable any person skilled in the art to practice the invention purported to be covered thereby.

51. The claims of the ’369 patent are invalid and void because they do not inform those skilled in the art about the scope of the invention with reasonable certainty and they do not particularly point out and distinctly claim the subject matter of the alleged invention, as required by 35 U.S.C. § 112.

52. Accordingly, a present, genuine, and justiciable controversy exists between Somerset and Nexus regarding the validity of the claims of the ’369 patent.

53. Somerset is entitled to a declaration by the Court that one or more of the claims of the ’369 patent are invalid.

54. Somerset is entitled to further necessary or proper relief based on the Court’s declaratory judgment or decree.

**COUNT VI**
**(Declaratory Judgment of Invalidity of the ’278 Patent)**

55. Somerset incorporates by reference, as though fully set forth herein, Paragraphs 1-54 of the counterclaims.

56. Nexus has alleged in this action that Somerset infringed the ’436 and ’369 patents by filing ANDA No. 218113 and that Somerset’s manufacture, use, sale, or offer for sale in the United States, or importation into the United States, of the proposed drug product described in ANDA No. 218113 would infringe said patents.

57. Upon information and belief, the ’436 patent is a continuation of the ’278 patent.

58. Upon information and belief, the ’369 patent is a continuation of the ’278 patent.

59. The ’278 patent is invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, 112, and/or any other judicially created basis for invalidation.

60. The subject matter claimed in the ’278 patent fails to comply with 35 U.S.C. §§ 102 and/or 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole was either fully anticipated by the prior art or would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

61. The '278 patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise and exact terms as required by the statutes of the United States to enable any person skilled in the art to practice the invention purported to be covered thereby.

62. The claims of the '278 patent are invalid and void because they do not inform those skilled in the art about the scope of the invention with reasonable certainty and they do not particularly point out and distinctly claim the subject matter of the alleged invention, as required by 35 U.S.C. § 112.

63. On information and belief, the '278 patent is the basis for a Nephron's first-to-file exclusivity. Without a judgment of non-infringement or invalidity on the '278 patent, Somerset will not be able to obtain final approval because of Nephron's first-to-file exclusivity. *See* 21 U.S.C. § 355(j)(5)(B)(iii)-(v). Thus, even if the Court invalidates the '436 and '369 patents or finds that Somerset does not infringe those patents, the '278 patent will remain a legal barrier to Somerset's ANDA approval. This potential barrier is a cognizable injury that gives rise to a declaratory judgment action as determined by the Federal Circuit in *Caraco Pharm. Laboratories, Ltd. v. Forest Laboratories, Inc.*, 527 F.3d 1278 (Fed. Cir. 2008).

64. Accordingly, a present, genuine, and justiciable controversy exists between Somerset and Nexus regarding the validity of the claims of the '278 patent.

65. Somerset is entitled to a declaration by the Court that one or more of the claims of the '278 patent are invalid.

66. Somerset is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## PRAYER FOR RELIEF

WHEREFORE, Somerset requests that the Court enter judgment in its favor against Nexus as follows:

(a) Declaring that the filing of Somerset's ANDA No. 218113 has not infringed, does not infringe, and will not infringe, either directly, or indirectly, any valid and enforceable claim of the '436 patent;

(b) Declaring that the filing of Somerset's ANDA No. 218113 has not infringed, does not infringe, and will not infringe, either directly, or indirectly, any valid and enforceable claim of the '369 patent;

(c) Declaring that the filing of Somerset's ANDA No. 218113 has not infringed, does not infringe, and will not infringe, either directly, or indirectly, any valid and enforceable claim of the '278 patent;

(d) Declaring that the manufacture, use, sale, offer for sale, and/or importation into the United States of Somerset's ANDA Product does not, and will not, infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of the '436 patent;

(e) Declaring that the manufacture, use, sale, offer for sale, and/or importation into the United States of Somerset's ANDA Product does not, and will not, infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of the '369 patent;

(f) Declaring that the manufacture, use, sale, offer for sale, and/or importation into the United States of Somerset's ANDA Product does not, and will not, infringe, either directly, contributorily, or by inducement, any valid and

enforceable claim of the ’278 patent;

(g) Declaring that the claims of the ’436 patent are invalid;

(h) Declaring that the claims of the ’369 patent are invalid;

(i) Declaring that the claims of the ’278 patent are invalid;

(j) If the facts demonstrate that the case is exceptional within the meaning of 35 U.S.C. § 285, awarding Somerset reasonable attorneys’ fees and costs reasonable incurred in prosecuting this action; and

(k) Granting Somerset such other and further relief as the Court deems just and appropriate.

Dated: May 12, 2023

*Of Counsel:*

Paul A. Ainsworth (*pro hac vice pending*)
Lauren A. Watt (*pro hac vice pending*)
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C
1100 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-2600
painsworth@sternekessler.com
lwatt@sternekessler.com

By: /s/ Eric I. Abraham
Eric I. Abraham
HILL WALLACK LLP
21 Roszel Road, P.O. Box 5226
Princeton, NJ 08543-5226
(609) 734-6358
eabraham@hillwallack.com

*Attorneys for Defendants*
*Somerset Therapeutics, LLC and*
*Somerset Pharma, LLC*