**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NEXUS PHARMACEUTICALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SOMERSET THERAPEUTICS, LLC and SOMERSET PHARMA, LLC<br><br>Defendants. | Civil Action No. 3:23-cv-01248-ZNQ-RLS<br><br>Hon. Rukhsanah Singh |

**NEXUS PHARMACEUTICALS INC.'S ANSWER TO**
**DEFENDANTS' COUNTERCLAIMS**

Plaintiff Nexus Pharmaceuticals, Inc. ("Nexus" or "Plaintiff"), by and through its undersigned attorneys, hereby answers the numbered paragraphs of the counterclaim of Defendants/Counterclaimants Somerset Therapeutics, LLC and Somerset Pharma, LLC (collectively, "Somerset" or "Defendants"), set forth in "Defendants' Answer to Nexus's First Amended Complaint for Patent Infringement and Counterclaims" filed on May 12, 2023 (D.I. 8) (hereinafter, "Counterclaims") as follows:

**NATURE OF THE ACTION**

1. Counterclaim paragraph 1 states a legal conclusion to which no response is required. To the extent that a response is required, Plaintiff admits that Defendants purport to assert counterclaims for declaratory judgment as to the noninfringement or invalidity of U.S. Patent Nos. 11,478,436 ("the '436 patent"); 11,426,369 ("the '369 patent"); and 11,090,278 ("the '278 patent") but denies Defendants are entitled to any such relief. Except as admitted, Plaintiff denies the allegations of counterclaim paragraph 1.

## PARTIES

2. Upon information and belief, Plaintiff admits the allegations contained in counterclaim paragraph 2.

3. Upon information and belief, Plaintiff admits the allegations contained in counterclaim paragraph 3.

4. Admitted.

## JURISDICTION AND VENUE

5. Counterclaim paragraph 5 states a legal conclusion to which no response is required. To the extent that a response is required, Plaintiff admits that Defendants purport to assert a counterclaim arising under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, but denies Defendant is entitled to any such relief. Except as admitted, Plaintiff denies the allegations of counterclaim paragraph 5.

6. Counterclaim paragraph 6 states legal conclusions for which no response is required. To the extent a response is required, Plaintiff does not contest subject-matter jurisdiction for purposes of this matter only. Except as admitted, Plaintiff denies the remaining allegations in counterclaim paragraph 6.

7. Counterclaim paragraph 7 states legal conclusions for which no response is required. To the extent a response is required, Plaintiff does not contest that this Court has personal jurisdiction for the purposes of these counterclaims. Except as admitted, Plaintiff denies the remaining allegations of counterclaim paragraph 7.

8. Counterclaim paragraph 8 states legal conclusions for which no response is required. To the extent a response is required, Plaintiff does not contest that venue is proper in

this Court for the purposes of these Counterclaims. Except as admitted, Plaintiff denies the remaining allegations of counterclaim paragraph 8.

**BACKGROUND**

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Plaintiff admits Somerset Purports to have ANDA No. 218113 under 21 U.S.C. § 355(j) seeking FDA approval for the commercial manufacture, use, sale, offer for sale, or importation of a generic Ephedrine Sulfate Injection USP, 50mg/10mL (5mg/mL) single dose vials ("Somerset's ANDA Product"), prior to expiration of the '278, '436, and '369 patents. Except as admitted, Plaintiff denies the remaining allegations of counterclaim paragraph 14.

15. Plaintiff admits Somerset Purports to have submitted, pursuant to 21 U.S.C. 355(j)(2)(A)(vii)(IV), a certification in ANDA No. 218113 stating that the claims of each patent listed in the Orange Book for NDA No. 218113, including the '278 patent and the '436 patent, are invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of Somerset's ANDA Product. Except as admitted, Plaintiff denies the remaining allegations of counterclaim paragraph 15.

16. Plaintiff admits that it received a notice letter, which states that it was sent "pursuant to 21 U.S.C. § 355(j)(2)(B)" from Somerset dated January 19, 2023. Plaintiff admits that the Notice Letter indicated that ANDA No. 218113 had been filed, but otherwise refers to that letter for what it states. Except as admitted, Plaintiff denies the remaining allegations of counterclaim paragraph 16.

17. Admitted.

**COUNTERCLAIM I:**
**DECLARATORY JUDGEMENT OF NON-INFRINGEMENT OF THE ’436 PATENT**

18. Plaintiff incorporates by reference Paragraphs 1-17 as though fully set forth herein.

19. Counterclaim paragraph 19 states legal conclusions for which no response is required. To the extent a response is required, Plaintiff does not contest that a definite and concrete, real and substantial justiciable controversy exists between Plaintiff and Defendants concerning the infringement and validity of the ’436 Patent. Except as admitted, Plaintiff denies the remaining allegations in counterclaim paragraph 19.

20. Denied.

21. Denied.

**COUNTERCLAIM II:**
**DECLARATORY JUDGEMENT OF NON-INFRINGEMENT OF THE ’369 PATENT**

22. Plaintiff incorporates by reference Paragraphs 1-21 as though fully set forth herein.

23. Counterclaim paragraph 23 states legal conclusions for which no response is required. To the extent a response is required, Plaintiff does not contest that a definite and concrete, real and substantial justiciable controversy exists between Plaintiff and Defendants concerning the infringement and validity of the ’369 Patent. Except as admitted, Plaintiff denies the remaining allegations in counterclaim paragraph 23.

24. Denied.

25. Denied.

**COUNTERCLAIM III:**
**DECLARATORY JUDGEMENT OF NON-INFRINGEMENT OF THE ’278 PATENT**

26. Plaintiff incorporates by reference Paragraphs 1-25 as though fully set forth herein.

27. Counterclaim paragraph 27 states legal conclusions for which no response is required. To the extent a response is required, Plaintiff does not contest that a definite and concrete, real and substantial justiciable controversy exists between Plaintiff and Defendants concerning the infringement and validity of the ’278 Patent. Except as admitted, Plaintiff denies the remaining allegations in counterclaim paragraph 27.

28. Denied.

29. Denied.

30. Plaintiff admits that Nephron SC, Inc. submitted an ANDA containing a PIV certification on October 14, 2021. Except as admitted, Plaintiff denies the remaining allegations in counterclaim paragraph 30.

31. Admitted.

32. Plaintiff admits that it sued Nephron for the infringement of the ’278 patent. Except as admitted, Plaintiff denies the remaining allegation in counterclaim paragraph 32.

33. Admitted.

34. Plaintiff admits that Nephron was the first filer of an ANDA containing a paragraph IV certification against EMERPHED®, and upon information and belief, Nephron has not yet marketed a generic ephedrine sulfate product. Except as admitted, Plaintiff denies the remaining allegations in counterclaim paragraph 34.

35. Counterclaim paragraph 35 states a legal conclusion to which no response is required. To the extent that a response is required, Plaintiff denies knowledge or information sufficient to form a belief as to the allegations in counterclaim paragraph 35.

36. Denied.

**COUNTERCLAIM IV:**
**DECLARATORY JUDGEMENT OF INVALIDITY OF THE ’436 PATENT**

37. Plaintiff incorporates by reference Paragraphs 1-36 as though fully set forth herein.

38. Admitted.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Counterclaim paragraph 43 states legal conclusions for which no response is required. To the extent a response is required, Plaintiff does not contest that a definite and concrete, real and substantial justiciable controversy exists between Plaintiff and Defendants concerning the validity of the ’436 Patent. Except as admitted, Plaintiff denies the remaining allegations in counterclaim paragraph 43.

44. Denied.

45. Denied.

**COUNTERCLAIM V:**
**DECLARATORY JUDGEMENT OF INVALIDITY OF THE ’369 PATENT**

46. Plaintiff incorporates by reference Paragraphs 1-45 as though fully set forth herein.

47. Admitted.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Counterclaim paragraph 52 states legal conclusions for which no response is required. To the extent a response is required, Plaintiff does not contest that a definite and concrete, real and substantial justiciable controversy exists between Plaintiff and Defendants concerning the validity of the ’369 Patent. Except as admitted, Plaintiff denies the remaining allegations in counterclaim paragraph 52.

53. Denied.

54. Denied.

**COUNTERCLAIM V:**
**DECLARATORY JUDGEMENT OF INVALIDITY OF THE ’278 PATENT**

55. Plaintiff incorporates by reference Paragraphs 1-54 as though fully set forth herein.

56. Admitted.

57. Admitted.

58. Admitted.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Counterclaim paragraph 63 states a legal conclusion to which no response is required. To the extent that a response is required, Plaintiff denies knowledge or information sufficient to form a belief as to the allegations in counterclaim paragraph 63.

64. Counterclaim paragraph 64 states legal conclusions for which no response is required. To the extent a response is required, Plaintiff does not contest that a definite and concrete, real and substantial justiciable controversy exists between Plaintiff and Defendants concerning the validity of the ’278 Patent. Except as admitted, Plaintiff denies the remaining allegations in counterclaim paragraph 64.

65. Denied.

66. Denied.

**SOMERSET’S PRAYER FOR RELIEF**

Plaintiff denies that Defendants are entitled to any relief based on its counterclaims or any remedy or relief whatsoever. Plaintiff further denies each and every allegation of Defendant’s Counterclaim not expressly admitted or otherwise responded to above.

Dated: June 2, 2023

s/ Justin T. Quinn
Justin T. Quinn
ROBINSON MILLER LLC
Ironside Newark
110 Edison Place, Suite 302
Newark, NJ 07102
(973) 690-5400
JQuinn@rwmlegal.com

OF COUNSEL:
Imron T. Aly (to be entered *pro hac vice*)
Kevin M. Nelson (to be entered *pro hac vice*)
Helen H. Ji (to be entered *pro hac vice*)
Chad F. Watson (to be entered *pro hac vice*)
ARENTFOX SCHIFF HARDIN LLP
233 South Wacker Drive
Suite 7100
Chicago, Illinois 60606
Telephone: (312) 258-5500
Facsimile: (312) 258-5600
Imron.aly@afslaw.com
kevin.nelson@afslaw.com
helen.ji@afslaw.com
chad.watson@afslaw.com

*Attorneys for Plaintiff Nexus Pharmaceuticals, Inc.*